(Pleito No. 198.—Fallado el 3 de Junio de 1902.)

## CAAMAÑO contra CANCEL.

RECURSO contra sentencia dictada por la Corte de Distrito de Arecibo.

GASTOS DE DEFENSA DE LA MUJER EN UN PLEITO CONTRA EL MARIDO. Es obligación del marido sufragar los gastos de su cónyuge originados en la defensa de sus derechos, pero dichos gastos deben limitarse á los originados en asuntos pendientes y ser razonables, reales y no excesivos.

### SENTENCIA.

En la ciudad de San Juan de Puerto Rico, á tres de Junio de mil novecientos dos, en el pleito civil seguido ante el Tribunal del Distrito de Arecibo entre partes, la una Doña Isabel Caamaño y Colón, representada y defendida ante este Tribunal por el Letrado Don Rafael López Landrón, y la otra, Francisco Cancel y Guzmán, representado y defendido ante este Tribunal por el Letrado Don Manuel F. Rossy, pendiente ante Nos, por recurso de casación por infracción de ley y de doctrina legal, interpuesto por la representación de la actora contra la sentencia del referido Tribunal de Distrito.—1º Resultando: Que en doce de Febrero de mil novecientos uno, la recurrente estableció de-

manda de divorcio contra el recurrido, cuya demanda aun
no se ha resuelto por el Tribunal del Distrito de Arecibo
que conoce de ella.—2º Resultando: Que en el curso de
la referida demanda, á petición de la actora, el antedicho
Tribunal estableció una pensión á favor de la actora de cin-
cuenta dollars mensuales, pagadera por el demandado, que-
dando después por el mismo Tribunal reducida la pensión á
treinta dollars mensuales.—3º Resultando:. Que en treinta
de Abril de mil novecientos dos, la representación de la
actora estableció demanda incidental á la del divorcio, tam-
bién contra el demandado, Francisco Cancel y Guzmán,
pidiendo que éste le pagara á aquélla al contado quinientos
dollars y una cantidad igual cada trimeste en concepto de
*litis expensas.*—4º Resultando: Que á eso se opuso el de-
mandado, y corridos los trámites legales de dicha demanda
incidental, recayó en doce de Agosto de mil novecientos uno
la sentencia de la cual los considerandos y parte dispositiva
son literalmente como sigue:—1º Considerando: que si
bien el artículo 68 del Código Civil y la Orden Judicial
sobre matrimonios y divorcios, de diez y siete de Marzo de mil
ochocientos noventa y nueve, no señalan expresamente la asig-
nación de *litis expensas* entre las disposiciones que deben adop-
tarse cuando se interpongan y admitan demandas de divor-
cio, el 1,408 de aquel cuerpo legal consigna como carga prime-
ra de la sociedad de gananciales las deudas y obligaciones con-
traídas, no sólo por el marido, sino también por la mujer, en
los casos en que pueda obligar legalmente á la sociedad, y el
60 autoriza á ésta para comparacer en juicio, sin necesidad
de la licencia marital, entre otros casos, en los de demandar
ó defenderse en los pleitos con su marido, en cuyos casos
obliga á la sociedad y puede exigir que el marido sufrague
los gastos de su defensa cuando no disponga de bienes con
que hacerlo, si bien limitando las *litis expensas* á lo que en
cada caso resuelvan los Tribunales, que entiendan en dife-
rentes pleitos, que son los que únicamente pueden conocer y
apreciar la necesidad de la defensa y la justicia de las recla-

maciones.—(Sentencias del Tribunal Supremo de quince de Abril y cuatro de Julio de mil ochocientos noventa y seis y veinte y seis de Enero de mil ochocientos noventa y siete). —2º Considerando: Que según la jurisprudencia establecida por los Tribunales de los E. E. U. U., á la que también se debe acudir para, al interpretar nuestras leyes, armonizarlas con el espíritu de aquella legislación, es obligatorio para el marido que tiene todo el dinero, cuando la mujer no tiene ninguno, darle, ya sea demandante ó demandada, los medios para pagar sus gastos en el pleito de divorcio, porque de otro modo sería negarle la justicia.—(Decisiones de la Corte de New York, Michigan y Maryland, 2 Barb. Ch. 146. Walk Ch. 421. s. md. Ch. Dec. 335 y 393).—3º Considerando: Que no teniendo Doña Isabel Caamaño otro asunto judicial pendiente contra su esposo Don Francisco Cancel que el pleito por divorcio, y debiendo limitarse la obligación de *litis expensas* á lo que para el caso resuelvan los Tribunales, no puede ni debe declararse en este pleito, la obligación del marido de expensar á la esposa para las demás reclamaciones que pueda establecer la actora, sino que debe limitarse á si es procedente ó no, concederla para el pleito de divorcio, único en tramitación.—4º Considerando: Que las *litis expensas* son exigibles solamente para los casos en que estimen los Tribunales que las reclamaciones no son inútiles ni injustas, únicos en que pueden obligar legalmente á la sociedad, y en su consecuencia, deben cesar tan pronto se dicte sentencia contraria á las pretensiones de la parte que las percibe, ó si fuese favorable, hasta que sea firme la sentencia, porque en este último caso, si acudiese á Tribunal Superior, iría obligada á virtud de recursos establecidos por la otra parte, y subsistiría la necesidad de la defensa.—5º Considerando: Que por la prueba practicada no puede exactamendeterminarse cuáles bienes de los que posee Don Francisco Cancel han sido adquiridos con anterioridad al matrimonio, y cuáles no, para poder liquidar la sociedad de gananciales por una simple operación aritmética, pues si bien aparece

que dicho Señor pagaba contribución en el año mil ochocientos noventa y dos á noventa y tres, no resulta por cuáles fueran, ni es posible capitalizar su importe, ni hacer comparaciones con las que actualmente satisface, por existir un sistema completamente distinto para su imposición.— 6º Considerando: Que por otra parte se entienden y reputan gananciales no sólo los bienes adquiridos durante el matrimonio á título oneroso, sino también los frutos, rentas é intereses percibidos ó devengados durante el matrimonio, aun de los bienes peculiares de cada cónyuge.—7º Considerando: Que las *litis expensas*, como la declaratoria de pobreza para litigar, no deben concederse sino cuando y á partir de la fecha en que se solicitan, porque existe la presunción legal que sólo desde entonces se hicieron necesarias para el sostenimiento del derecho que se sustenta.—8º Considerando: Que al fijarse la cantidad que debe abonarse en concepto de. *litis expensas*, debe tenerse en cuenta el capital existente y las rentas que produce.—9º Considerando: Que sólo deben imponerse las costas de un juicio á una de las partes litigantes cuando han sido totalmente desestimadas sus pretensiones.—Vistas las disposiciones citadas, el artículo 1,401 del Código Civil, la sentencia del Tribunal Supremo de España, de quince de Abril y cuatro de Julio de mil ochocientos noventa y seis y veinte y seis de Enero de mil ochocientos noventa y siete y las Reglas 59, 63 y 65 de la Orden General número 118, serie de mil ochocientos noventa y nueve.—Fallamos: Que debemos declarar y declaramos con lugar la demanda en cuanto á la obligación que tiene Don Francisco Cancel de facilitar, del producto de los bienes gananciales, á su esposa Doña Isabel Caamaño, expensas para atender á los gastos judiciales en el pleito de divorcio que tiene promovido contra aquél; pero no en cuanto solicita la entrega desde luego de la suma de quinientos dollars, é igual cantidad cada trimestre para los gastos, no sólo del pleito de divorcio, sino de los demás que pudiera establecer; y en su consecuencia condenamos á Don Francisco Cancel y

Guzmán á entregar á su esposa Doña Isabel Caamaño, en concepto de *litis expensas* para el pleito de divorcio, único en tramitación, la suma de cien dollars cada trimestre, á contar desde la fecha de la interposición de esta demanda inciden- tal, hasta la en que se notifique la sentencia que dicte este Tribunal, si declarase sin lugar la demanda de divorcio; ó hasta que fuere firme, si se declarase procedente; sin hacer especial condenación de costas.—Así por esta nuestra senten- cia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos.—Juan J. Perea.—Otto Schoenrich.—Elpidio de los Santos.—5º Resultando: Que notificada que fué dicha sentencia á las partes en trece de Agosto de mil novecientos uno, interpuso contra ella en Agosto veinte y uno de mil novecientos uno la actora recurso de casación por infracción de ley y doctrina legal, fundándolo en los artículos 78, 79, y 84 de la Orden General número 118, el número 1º del artículo 1,687, el número 1º del artículo 1,689, y el caso 1º del artículo 1,690, todos de la Ley de Enjuicia- miento Civil, y citó como infringidos los siguientes:—(a) El artículo 1,408 del Código Civil en su caso 1º, en relación con el artículo 60 del mismo Código, porque la parte dispo- sitiva del referido fallo contraviene la letra y el espíritu de tales preceptos.—(b) La doctrina legal sentada por el Tri- bunal Supremo de España en las sentencias de seis de Abril de mil ochocientos setenta y ocho, tres de Octubre de mil ochocientos ochenta y tres, dos de Noviembre de mil ocho- cientos ochenta, nueve de Abril de mil ochocientos ochen- ta y seis, y otras, de que el marido, en casos como el presente, está obligado á sufragar *todos los gastos* que la defensa de sus derechos origine á la actora por vía de *litis expensas.*—(c) Infracción y errónea interpretación de las sentencias dictadas por el Tribunal Supremo, en veinte y seis de Enero de mil ochocientos noventa y siete, quince de Abril de mil ochocientos noventa y seis, y cuatro de Julio de mil ochocientos noventa y seis, por cuanto que éstas determinan la obligación del marido en estos casos.—(d) El

principio de derecho que reconoce y autoriza la jurisprudencia del Tribunal Supremo de España en sus sentencias de nueve de Abril de mil ochocientos noventa, veinte y uno de Abril de mil ochocientos ochenta y siete, tres de Mayo de mil ochocientos ochenta y cuatro, y otras, de que las sentencias deben ser claras precisas y congruentes con la demanda y con las demás pretensiones deducidas oportunamente en el pleito, debiendo resolver todos los puntos objeto del debate y sin decidir acerca de las cuestiones meramente indicadas en el pleito.—(e) Error de derecho en la apreciación de las pruebas por no considerarse como bienes gananciales, de acuerdo con el artículo 1,407 del Código Civil, los que tiene en su poder y posee hoy el co-litigante.—(f) El artículo 6 regla 63 de la Orden General número 118, porque habiéndose totalmente desestimado las pretensiones del contrario, ha debido el Tribunal sentenciador imponer á éste las costas del juicio.—6º Resultando: Que el recurso en la forma propuesta fué admitido por el Tribunal por auto de veinte y tres de Agosto de mil novecientos uno, y que en este mismo día fué notificado ese auto á las partes y la causa remitida á este Tribunal el día veinte y siete del mismo mes.—7º Resultando: Que el día treinta y uno de Agosto de mil novecientos uno, se personó el Letrado Don Rafael López Landrón, en representación de la recurrente, y reprodujo los fundamentos del escrito de casación, siendo sustituído por el Letrado Don Antonio Alvarez Nava; habiendo comparecido el diez de Septiembre de mil novecientos uno, el Letrado Don Manuel F. Rossy por parte del recurrido.—8º Resultando: Que en el curso de este recurso, se han seguido los trámites legales.—Visto: Siendo Ponente el Sr. Juez Asociado Don James H. McLeary.—1º Considerando: Que si bien los artículos del Código Civil y las doctrinas legales citadas por la recurrente en los motivos de casación 1º, 2º y 3º, reconocen y asientan el deber y obligación del marido de sufragar todos los gastos de su cónyuge, originados en la defensa de sus derechos, no puede extenderse

este precepto á incluir en dichos gastos aquellos que se originen en otros juicios aun no establecidos, sino que debe limitarse á los gastos en asuntos pendientes.—2º Considerando: Que si tiene obligación el marido de sufragar todos los gastos en el caso referido en el primer considerando de esta sentencia, debe entenderse esta obligación con referencia á los gastos razonables, reales, justos y no excesivos, pero no á pagar cantidades á gusto de su mujer ó á cumplir obligaciones excesivas que ella contraiga.— 3º Considerando: Que en casos como el presente no es obligación del Tribunal sentenciador conceder todo lo que reclama el actor ó negarlo de plano, sino, en vista de las circunstancias del caso, fallar lo que sea de justicia, admitiendo la reclamación, negándola ó admitiéndola en parte.— 4º Considerando: En cuanto al 5º motivo de casación alegado, que el artículo 1,407 solamente se refiere á los bienes matrimoniales, es decir, á aquéllos que fueron adquiridos durante el matrimonio, los cuales, por efecto de dicho artículo, se consideran como bienes gananciales mientras no se pruebe lo contrario, no siendo de aplicación dicho artículo á este pleito en apoyo de lo alegado en el referido 5º motivo de casación, porque, según la sentencia dictada por el Tribunal sentenciador, no se comprobó qué bienes de los que se encontraban en posesión del demandado se habían adquirido antes ó después de la fecha del matrimonio, prueba que correspondía á la actora y que por ninguna de las partes se ha traído al juicio para aclarar extremo tan importante. —5º Considerando: Que la regla 63 de la Orden General número 118 terminantemente previene que al no desestimarse totalmente las pretensiones de una de las partes resolvería el Tribunal conforme á equidad en materia de costas y que no habiéndose desestimado totalmente en este pleito las pretensiones de una de las partes, ha fallado dicho Tribunal lo que creyó conveniente al caso y enteramente de acuerdo con las prevenciones de la referida regla número 63. —6º Considerando: Que no habiendo el Tribunal senten-

ciador incurrido en las infracciones de los artículos de ley y doctrina legal, citados por la representación de la recurrente, es de desestimarse el recurso. — Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley, interpuesto por la recurrente, á quien condenamos en las costas de este recurso, sin hacer especial condenación de las costas originadas en el Tribunal sentenciador; y con devolución de los autos, comuníquese esta resolución al Tribunal de Distrito de Arecibo á los fines procedentes.—Así, por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia, por el Sr. Juez Asociado del Tribunal Supremo, Don James H. McLeary, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á tres de Junio de mil novecientos dos.—Antonio F. Castro, *Secretario*.